# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: November 16, 2017

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | |
| DEBRA ALLEN, | \* | UNPUBLISHED |
| | \* | |
| Petitioner, | \* | No. 15-1278V |
| | \* | |
| v. | \* | Special Master Gowen |
| | \* | |
| SECRETARY OF HEALTH | \* | Interim Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | \* | Special Master's Discretion. |
| | \* | |
| Respondent. | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | |

<u>Howard Gold</u>, Gold Law Firm LLC, Wellesley Hills, MA, for petitioner.
<u>Alexis Babcock</u>, United States Department of Justice, Washington, DC, for respondent.

## <u>DECISION ON INTERIM ATTORNEYS' FEES AND COSTS</u>[1]

On October 28, 2015, Debra Allen ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  Petition (ECF No. 1). Petitioner alleges that as a result of an influenza ("flu") vaccination received on October 1, 2013, she has suffered a shoulder injury related to vaccine administration ("SIRVA") as well as fibromyalgia/ polyarthropathy.  The case was originally assigned to the Special Processing Unit ("SPU").  After respondent indicated that he was opposed to exploring informal resolution, the claim was transferred to me on September 16, 2016.  Notice of Reassignment (ECF No. 27). The parties filed expert reports, which I reviewed during a Rule 5 status conference on September 15, 2017.  I encouraged the parties to pursue informal resolution.  However, respondent's position is that the intramuscular method of vaccine administration, used in petitioner's case, could not have caused petitioner's injuries.  <u>See</u> Order (ECF No. 41).  I

---

[1] Pursuant to the E-Government Act of 2002, <u>see </u>44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.**  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of  privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision."  <u>Id.</u>  **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.**  <u>Id.</u>

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

encouraged the parties to consider alternative means of resolution, but have set an entitlement hearing for December 2019.

On November 2, 2017, petitioner filed a motion for interim attorneys' fees and costs. Petitioner's Motion (ECF No. 44). It provides that the fees and costs incurred in this matter "are an extreme hardship to petitioner, given the protracted and unique nature of the litigation, the costs and fees incurred to date, and the anticipated costs approaching the entitlement hearing." Id. at 1-2, citing Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372 (Fed. Cir. 2010). However, at this time, petitioner only requests an interim award of $26,990 in attorneys' fees.

On November 16, 2017, respondent filed a response to petitioner's motion. Respondent's Response (ECF No. 45). "In this case, respondent defers to the special master to determine whether or not petitioner has met the legal standard for interim attorneys' fees and costs award, as set forth in Avera v. Secretary of Health and Human Services, 515 F.3d 1345 (Fed. Cir. 2008)." Id. at 2. "Respondent respectfully recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3. This matter is now ripe for review.

## I.   Interim Attorneys' Fees and Costs

Section 300aa-15(e) of the Vaccine Act permits an award of reasonable attorneys' fees and costs. In addition, the Vaccine Act permits interim attorneys' fees and costs. Avera, 515 F.3d at 1352; Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372 (Fed. Cir. 2010). When a petitioner has yet to prove entitlement, the special master may grant an interim award of reasonable attorneys' fees and costs if the special master "determines that the petition was brought in good faith and there was a reasonable basis for the claim." § 300aa-15(e)(1)(B); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013). Respondent does not address whether these requirements are met. Based on my review and the lack of objection from respondent, I find that this claim was brought in good faith and on a reasonable basis.

In Shaw, the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375 (emphasis added). In Avera, the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352.

I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 18 months (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000. If any one of these conditions exists, I generally defer ruling until the condition is resolved or until an entitlement hearing has occurred. But ultimately, there are many factors bearing on the merit of an interim fee application and I evaluate each one on its own merits.[3]

---

[3] In the alternative scenario in which counsel seeks interim fees and my permission to withdraw from a case, the above criteria will not apply and I will resolve the interim application as quickly as circumstances permit.

The present case has been pending for more than 18 months. The requested fees are not substantial, in fact, they do not reach the $30,000 threshold that I typically impose. It is also unusual that petitioner has incurred expert costs, but is not seeking them at this time. I would think that paying experts out of pocket or deferring their payment creates more hardship than delaying payment to petitioner's attorneys. However, petitioner is correct that "[t]his case involves one of the first instances of litigation surrounding an intradermal shoulder injury in the Vaccine Program." Petitioner's Motion at 2. This is an unusual issue, which will likely take significant time to develop and may not be settled informally. Due to the high volume of claims in the Vaccine Program, the entitlement hearing in this case is set for December 2019. There will likely be several months between the hearing and the issuance of an entitlement decision. If petitioner establishes entitlement to compensation, the case will need to progress to the damages phase, which may also take significant time. Because of the unique issues presented by this case and the likely delay before the case can be resolved, I will award interim attorneys' fees in this instance. However, as stated above, counsel should not expect that interim fees will be granted routinely.

## II.      Reasonable Attorneys' Fees

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine what attorneys' fees and costs are "reasonable" under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348. Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Just as "[t]rial court courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521 (citing Farrar v. Sec'y of Health & Human Servs., 1992 WL 336502 at *2-3 (Cl. Ct. Spec. Mstr. Nov. 2, 1992)). The requirement that attorneys' fees be reasonable also applies to costs. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. at 34 ("Not only must any request for attorneys' fees be reasonable, so must any request for reimbursement of costs").

I have reviewed the application for interim attorneys' fees and the supporting documentation.  In my experience, the request generally seems reasonable.  I find no cause to adjust petitioner's counsel's hourly rates or time expended.  Thus, they will be awarded in full.

### III.    Conclusion

Accordingly, I award the following:

1) **A lump sum in the amount of $26,990.00, representing reimbursement for _interim_ attorneys' fees, in the form of a check payable jointly to petitioner and her counsel, Howard Gold of Gold Law Firm, LLC.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[4]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing their right to seek review.