# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 17, 2022

* * * * * * * * * * * * *
| | | |
|---|---|---|
| DEBRA ALLEN, | * | PUBLISHED |
| | * | |
| Petitioner, | * | No. 15-1278V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Damages; Shoulder Injury; |
| AND HUMAN SERVICES | * | Intradermal flu vaccination. |
| | * | |
| | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * *

*Howard S. Gold,* Howard S. Gold, Sudbury, MA, for petitioner.
*Althea W. Davis,* U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON DAMAGES[1]

On October 28, 2015, Debra Allen ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2]  Petitioner alleged that the intradermal influenza ("flu") vaccine she received on October 1, 2013, caused her to suffer a left shoulder injury.  Petition (ECF No. 1).  On June 2, 2022, I issued a Ruling on Entitlement, finding that petitioner established that she suffered a left shoulder injury as a result of receiving the intradermal flu vaccine and was entitled to compensation.  Ruling on Entitlement (ECF No. 90).

---

[1] In accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012), because this opinion contains a reasoned explanation for the action in this case, **this opinion will be posted on the website of the United States Court of Federal Claims**.  This means the opinion will be available to anyone with access to the internet.  As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information.  Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  **If neither party files a motion for redaction within 14 days, the entire opinion will be posted on the website and available to the public in its current form.**  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On November 17, 2022, respondent filed a Proffer of Award of Compensation, which indicates petitioner's agreement to compensation on the terms set forth therein.  Proffer (ECF No. 100).  The proffer is attached here to as Appendix A.

**Consistent with the terms in the attached Proffer, I hereby award the following in compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a):**

1) **A lump sum payment of $95,000.00 for pain and suffering, in the form of a check made payable to petitioner.**

The Clerk of the Court is directed to **ENTER JUDGMENT** in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DEBRA ALLEN, ) | |
| ) | |
| Petitioner, ) | No. 15-1278V |
| ) | Special Master |
| v. ) | Thomas L. Gowen |
| ) | SPU |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 28, 2015, Debra Allen ("petitioner") filed a petition for compensation

("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -

34 ("Vaccine Act" or "Act"), as amended.  On June 2, 2022, the Court issued its Ruling on

Entitlement, finding that petitioner suffered SIRVA and adhesive capsulitis as the result of an

intradermal influenza ("flu") vaccine administered in her left arm.[1]  ECF No. 90.

## I.    Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded

$95,000.00 for pain and suffering.  This represents all elements of compensation to which

petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    Form of the Award

Respondent recommends that the compensation provided to petitioner should be made

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein.
Assuming the Special Master issues a damages decision in conformity with this proffer,
respondent waives his right to seek review of such damages decision.  However, respondent
reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's
March 24, 2022 entitlement decision.

through a lump sum payment of **$95,000.00**, in the form of a check made payable to petitioner. [2]

Petitioner agrees.

 Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

    Respectfully submitted,

    BRIAN M. BOYNTON
    Principal Deputy Assistant Attorney General

    C. SALVATORE D'ALESSIO
    Director
    Torts Branch, Civil Division

    HEATHER L. PEARLMAN
    Deputy Director
    Torts Branch, Civil Division

    LARA A. ENGLUND
    Assistant Director
    Torts Branch, Civil Division

      s/Althea Walker Davis
    ALTHEA WALKER DAVIS
    Senior Trial Counsel
    Torts Branch, Civil Division
    U.S. Department of Justice
    P.O. Box 146
    Benjamin Franklin Station
    Washington, D.C.  20044-0146
    Tel: (202) 616-0515
    Althea.Davis@usdoj.gov

DATED:  November 16, 2022

---

[2]  Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.