# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 25, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| DEBRA ALLEN, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 15-1278V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Howard S. Gold*, Gold Law Firm, Wellesley, MA, for Petitioner.
*Alexis B. Babcock*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 25, 2022, Debra Allen ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 107). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$33,516.55.**

I.  **Procedural History**

On October 28, 2015, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered a left shoulder injury as a result of receiving an influenza vaccination on October 1, 2013. Petition at 1 (ECF No. 1). On November 17, 2022, the parties filed a proffer, which I adopted as my decision awarding compensation on

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

the same day. (ECF No. 101).

On December 25, 2022, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for her attorney, Mr. Howard Gold, in the total amount of $33,679.05, representing $22,300.00 in attorneys' fees and $11,379.05 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants she has personally not incurred costs in pursuit of her claim. *Id.* at 2. Respondent reacted to the fees motion on December 27, 2022, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 108). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II.   **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a proffer, she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a.   **Attorneys' Fees**

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

Petitioner requests the following rates for the work of her counsel, Mr. Howard Gold: $380.00 per hour for work performed in 2017, $400.00 per hour for work performed in 2019, $410.00 per hour for work performed in 2020, $422.00 per hour for work performed in 2021, and $434.00 per hour for work performed in 2022. These rates are consistent with what Mr. Gold has previously been awarded for his Vaccine Program work and I find them to be reasonable herein.

the same day. (ECF No. 101).

On December 25, 2022, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for her attorney, Mr. Howard Gold, in the total amount of $33,679.05, representing $22,300.00 in attorneys' fees and $11,379.05 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants she has personally not incurred costs in pursuit of her claim. *Id.* at 2. Respondent reacted to the fees motion on December 27, 2022, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 108). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II.   **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a proffer, she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a.   **Attorneys' Fees**

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

Petitioner requests the following rates for the work of her counsel, Mr. Howard Gold: $380.00 per hour for work performed in 2017, $400.00 per hour for work performed in 2019, $410.00 per hour for work performed in 2020, $422.00 per hour for work performed in 2021, and $434.00 per hour for work performed in 2022. These rates are consistent with what Mr. Gold has previously been awarded for his Vaccine Program work and I find them to be reasonable herein.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $22,300.00.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $11,379.05. This amount is comprised of acquiring medical records, the Court's filing fee, and work performed by Petitioner's medical experts, Dr. M. Eric Gershwin and Dr. Steven Graboff. Fees App. at 10. Petitioner has provided adequate supporting documentation for all the costs, and they appear to be reasonable upon review with one exception. Dr. Graboff billed almost all his time at $475.00 per hour, which I find to be reasonable for the work he submitted in the instant case. However, he billed 0.5 hours of his time at $800.00 per hour, which is excessive. I will therefore reimburse this time at $475.00 per hour, resulting in a reduction of $162.50 Accordingly, Petitioner is awarded final costs totaling $11,216.55.

### III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $22,300.00 |
|---|---|
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$22,300.00** |
| | |
| Attorneys' Costs Requested | $11,379.05 |
| (Reduction of Costs) | - ($162.50) |
| **Total Attorneys' Costs Awarded** | **$11,216.55** |
| | |
| **Total Attorneys' Fees and Costs** | **$33,516.55** |

**Accordingly, I award the following: a lump sum in the amount of $33,516.55, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. Howard Gold.[3]**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).